IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

04- 20991

CIV-HOEVELER

| | |
|---|---|
| RUDY LLOREDO and CHRISTOPHER WRIGHT, individually, and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>RADIOSHACK CORPORATION<br><br>Defendant. | Complaint-Class Action<br><br>CASE NO.: |

KLEIN

## CLASS ACTION COMPLAINT

NOW COME the Plaintiffs, RUDY LLOREDO and CHRISTOPHER WRIGHT, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs") by and through their attorneys, HERMAN & MERMELSTEIN, complaining of the Defendant, RADIOSHACK CORPORATION, and state as follows:

### I. SUMMARY OF THE CASE

1. Plaintiffs bring this action against the Defendant for its unlawful failure to pay overtime wages in direct violation of 29 U.S.C. 201 et seq., commonly known as the Fair Labor Standards Act (hereinafter "FLSA").

2. This action is brought as a national collective class action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiffs and all other "Y" Store Sales Managers employed by, or formerly employed by, RadioShack Corporation, its subsidiaries and affiliated companies ("hereinafter Defendant") pursuant to the FLSA, 29 U.S.C. §216(b).



3.  For at least three (3) years prior to the filing of this action ("liability period"), Defendant had and continues to have a consistent policy of requiring their employees in the position of "Y" Store Sales Manager, including Plaintiffs, to work greatly in excess of forty (40) hours per week without paying them proper overtime compensation as required by federal wage and hour laws. Plaintiffs seek to recover unpaid overtime compensation, including the interest thereon, statutory penalties, reasonable attorneys' fees and litigation costs on behalf of themselves and all similarly situated current and former "Y" Store Sales Managers ("Class Members") who worked for Defendant pursuant to the FLSA, 29 U.S.C. §§207, 211(c), 216(b). Furthermore, Plaintiffs and all similarly situated current and former "Y" Store Sales Managers who may opt-in pursuant to the FLSA 29 U.S.C. §216(b) seek liquidated damages.

4.  The Defendant failed to pay overtime wages and other benefits to Plaintiffs and other "Y" Store Sales Managers, during or at the conclusion of their employment, by intentionally, willfully and improperly designating the position of "Y" Store Sales Manager as exempt from federal law in direct violation of the FLSA.

5.  Plaintiffs will immediately request the Court to authorize notice to all such persons informing them of the pendency of this action and their right to "opt-into" this lawsuit pursuant to the FLSA 29 U.S.C. §216(b), for the purpose of seeking overtime compensation and liquidated damages under federal law.

## II. JURISDICTION & VENUE

6.  This Court has jurisdiction over Plaintiffs' federal law claims pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §§1331 and 1337.

7. Venue is proper in this District under 28 U.S.C. §§1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of Florida within this District. Plaintiffs and many other similarly situated "Y" Store Sales Managers were employed by the Defendant in this District.

### III. PARTIES

#### A. Plaintiffs

8. Representative Plaintiffs: RUDY LLOREDO and CHRISTOPHER WRIGHT, who were residents of the State of Florida at the time of liability, bring these claims on behalf of themselves and in a representative capacity on behalf of similarly situated inside salespersons. Each one of the "Representative Plaintiffs" worked as a "Y" Store Sales Manager for Defendant RadioShack in Florida. As "Y" Store Sales Managers they - like the other members of the class - regularly worked in excess of forty (40) hours per week but received no overtime compensation for hours worked in excess of forty (40) per week. Defendant willfully failed to pay the "Y" Store Sales Managers earned overtime wages. Sometimes, the class members' job title was "Y" Store Sales Manager, President's Senior Council Store Manager, Team Leader or Senior Manager.

#### B. Defendant

9. At all times relevant herein, the Defendant RadioShack Corporation was a duly licensed and organized corporation, headquartered in the State of Texas and doing business in this District, the State of Florida and throughout the United States. RadioShack operates numerous retail stores throughout the United States and sells electronic products and services to the public.

10. Defendant RadioShack Corporation was previously owned by Tandy Corporation, which no longer exists.

3

## IV. FACTUAL BACKGROUND FOR COLLECTIVE ACTION COUNTS

11. Defendant operates, and at all times during the liability period has operated, approximately 5,500 retail stores specializing in the sales of electronic products throughout the nation, including this District.

12. Defendant employs numerous "Y" Store Sales Managers, including Plaintiffs, to manage these retail stores. Each class member works as an employee of RadioShack.

### A. Duties of "Y" Store Sales Managers

13. "Y" Store Sales Managers manage retail stores with annual sales volume in excess of $500,000. RadioShack occasionally changes criteria for classifying its store levels.

14. RadioShack is an extremely structured company that dictates with explicit instructions even the most simple of tasks to be performed. RadioShack Store Managers are instructed to focus on two things: (1) increase manager sales; and (2) minimize payroll. District Managers keep close watch over the daily sales performance of store managers, consistently driving manager sales. Although RadioShack's Training Manual describes a number of "managerial duties," these activities constitute significantly less than 20% of the working time engaged in by "Y" Store Sales Managers.

15. The "Y" Store Sales Manager's primary duty is to sell merchandise to customers. RadioShack instructs "Y" Store Sales Managers to spend seven (7) hours of their nine (9) hour day (at least 78% of their time) selling to customers. District Managers set specific sales quotas, goals and expectations for "Y" Store Sales Managers which require "Y" Store Sales Managers to spend a vast majority of their time selling. There is an unwritten rule that "Y" Store Sales Managers are the senior sales persons within the store.

16. In addition to selling, "Y" Store Sales Managers are required to perform other activities along with the subordinates, including stocking merchandise, taking inventory, cleaning, pricing, answering the telephone and rearranging displays in accordance with company directives. These activities consume the majority of the remaining time available to "Y" Store Sales Managers after selling to customers.

17. "Y" Store Sales Managers have little or no authority to exercise independent discretion or judgment. RadioShack corporate policy and practice tightly controls all aspects of store operation. The operations of the store are all set forth in a comprehensive store operations manual that include detailed practices and policies which "Y" Store Sales Managers are required to follow. "Y" Store Sales Managers have little or no discretion as to what merchandise and the amount of merchandise they will stock, the pricing of that merchandise, the display of that merchandise, the hiring or firing of employees and the scheduling of employees to name a few.

18. "Y" Store Sales Managers often times earn comparable and even less compensation while working more hours than sales associates working in the same store.

### B. Denial of Overtime Compensation to "Y" Store Managers

19. "Y" Store Sales Managers are generally required to work approximately 9 to 13 hours per day, Monday through Friday. Many also work significant hours on Saturday and Sunday. "Y" Store Sales Managers regularly worked 54 or more hours per week during the liability period.

20. "Y" Store Sales Managers are paid a base salary plus a bonus regardless of the amount of hours they work.

21.  "Y" Store Sales Managers do not, and did not receive, any additional compensation for hours worked in excess of forty (40) hours per week. This practice violates the requirements of the FLSA.

### V.  COLLECTIVE CLASS ALLEGATIONS

22.  This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime wages, penalties, unlawfully withheld wages, liquidated damages, costs and attorneys' fees under the FLSA. In addition to the Representative Plaintiffs, numerous current "Y" Store Sales Managers and former "Y" Store Sales Managers are admittedly similarly situated to the Plaintiffs with regard to their wages and claims for unpaid wages and damages in that they have been denied proper overtime compensation during the liability period. Plaintiffs are representative of those other employees and are acting on behalf of their interests, as well as Plaintiffs' own interests in bringing this action. These similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's own employment records. These similarly situated employees should be notified of and allowed to "opt-into" this action, pursuant to 29 U.S.C. §216(b) for the purpose of adjudicating their claims, including liquidated damages and attorneys' fees under the FLSA.

### VI.  CLAIM FOR RELIEF

#### A.  Count I - Denial of Overtime Compensation
#### [29 U.S.C. §§207, 211(c), 216(b)]

23.  Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs 1-22, and further allege:

24.  Under the FLSA, 28 U.S.C.§207, Defendant was and is obligated to compensate Plaintiffs and similarly situated "Y" Store Sales Managers for all hours worked in excess of forty

(40) hours per week. Overtime compensation must be paid at a rate not less than one and one-half times the regular rate of pay. Under 29 C.F.R. §§778.117-778.19, the regular rate of pay for "Y" Store Sales Managers is determined by taking the sum of all amounts earned by the "Y" Store Sales Manager during the relevant work week and dividing by the number of hours worked that same week.

25. During the liability period, Plaintiffs and similarly situated "Y" Store Sales Managers were regularly required to work greatly in excess of forty (40) hours per week, but were not paid for such overtime work.

26. By failing to pay overtime compensation due to Plaintiffs and similarly situated "Y" Store Sales Managers, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA which require overtime compensation be paid to non-exempt employees.

27. As a result of Defendant's policy and practice of withholding overtime compensation, the Plaintiffs and similarly situated "Y" Store Sales Managers have been damaged in that they have not received wages due and owing pursuant to the FLSA.

28. As a result of the unlawful acts of the Defendant, the Plaintiffs and all similarly situated "Y" Store Sales Managers have been deprived of overtime compensation in the amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b). Plaintiffs and other persons employed or formerly employed by Defendant as "Y" Store Sales Managers who may opt into this collective action request relief as described below.

## VII. REQUESTED RELIEF

WHEREFORE, the Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, HERMAN & MERMELSTEIN, demand judgment against the Defendant, RADIOSHACK CORPORATION, and in favor of the Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

    a.    order the Defendant to file with this Court and furnish to counsel for the Class a list of all names and addresses of all RadioShack "Y" Store Managers from across the United States who currently work or have worked at RadioShack within the last three (3) years;

    b.    authorize Plaintiffs' Counsel to issue notice at the earliest possible time to all current and former "Y" Store Sales Managers employed by the Defendant during the three years immediately preceding this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked hours in excess of 40 hours in a week during the liability period, but were not paid overtime as required by the FLSA;

    c.    declare and find that the Defendant committed one or more of the following acts:

        i.    violated overtime provisions of the FLSA, 29 U.S.C §207, by failing to pay overtime wages to Plaintiffs and persons similarly situated who opt into this action; and

        ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C §207;

    d.    award compensatory damages, including all overtime pay owed, in an amount according to proof;

    e.    award interest on all overtime compensation due accruing from the date such amount were due;

    f.    award liquidated damages in an amount equal to overtime compensation shown to be owed pursuant to 29 U.S.C §216(b);

    g.    award such other monetary, injunctive, equitable and declaratory relief as the Court deems just and proper; and

h.   award attorneys fees and costs of suit.

## DEMAND FOR JURY TRIAL

Plaintiffs on behalf of themselves and all other similarly situated employees and former employees of Defendant, hereby demand trial of their claims by jury to the extent authorized by law.

Respectfully submitted,

HERMAN & MERMELSTEIN, P.A.
3230 Stirling Road, Suite One
Hollywood, Florida 33021
Telephone: 954.962.2200
Facsimile: 954.962.4292

By: _____
Jeffrey M. Herman
Florida Bar No. 521647
Stuart S. Mermelstein
Florida Bar No. 947245

L:\RadioShack\Complaint.doc

# CIVIL COVER SHEET

04-20991

CIV-HOEVELER

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of the Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**
RUDY LLOREDO and CHRISTOPHER WRIGHT, individually, and on behalf of all others similarly situated

**DEFENDANTS**
RADIOSHACK CORPORATION

MAGISTRATE KLEIN

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

Dade 04-20991 CIV WMH/Klein

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Herman & Mermelstein, P.A., 3230 Stirling Road, Suite One, Hollywood, Florida 33021 (954) 962-2200

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** Miami-Dade

## II. BASIS OF JURISDICTION (PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- X 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Failure to pay overtime wages in violation of 29 U.S.C. §201 et seq.

**IVa.** 10 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

### A CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) B
- ☐ 153 Recovery of Overpayment of Veteran's Benefits B
- ☐ 160 Stockholder's Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### A TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personnel Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending B
- ☐ 380 Other Personnel Property Damage
- ☐ 385 Property Damage Product Liability

### B FORFEITURE PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### A BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### A PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### B SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### A FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

### A OTHER STATUS
- ☐ 400 Status Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc. B
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/ Commodities/ Exchange
- ☐ 875 Customer Challenge 12USC3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions* *A or B

Declaratory relief and state law claims for defamation

### A REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure B
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### A CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### B PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General*
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other*
- ☐ 550 Civil Rights *A or B

### A LABOR
- X 710 Fair Labor Standards Act
- ☐ 720 Labor Management Relations B
- ☐ 730 Labor Management Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act B

## VI. ORIGIN
- X 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled (Specify)
- ☐ 5. Transferred from another district Magistrate Judgment
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23
X CLASS ACTION
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: X YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions): (SEE ATTACHED)
JUDGE_____ DOCKET NUMBER_____

DATE 4-28-04

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 700437 Amount: $150.00
Date Paid: 04/29/04 Mifp:_____