IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 04-20991-CIV-HOEVELER/KLEIN

RUDY LLOREDO and CHRISTOPHER )
WRIGHT, individually, and on behalf of )
all others similarly situated, )
)
Plaintiffs, )
v. )
)
RADIOSHACK CORPORATION, )
)
Defendant. )
)

## MOTION FOR PARTIAL SUMMARY
## JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

### I. INTRODUCTION

This is a collective class action pursuant to 29 U.S.C. §216(b) brought on behalf of approximately 880 opt-in "Y" Store Managers employed by Defendant RadioShack Corp. ("RadioShack"). The Complaint alleges that "Y" Store Managers were misclassified as exempt and denied overtime wages. There are two requirements for an employer to sustain the classification of an employee as exempt, both of which must be satisfied under the applicable regulations: (1) the primary duty of the employee must consist of the management of the enterprise; and (2) this primary duty must include the customary and regular direction of the work of two or more other employees. 29 C.F.R. §541.1(f). The latter requirement has been refined under the regulations as a "bright-line" test, in which the employee must regularly supervise at least 80 employee hours per week. As a "bright-line" test, it is amenable to application pursuant to a motion under Fed.R.Civ.P. 56 for partial summary judgment.

Plaintiffs thus brings this Motion for Partial Summary Judgment on behalf of 177 opt-in Plaintiffs (hereafter referred to as the "PSJ Group") for whom there is no genuine issue of material fact, on the grounds that they did not supervise 80 employee hours per week at least 80% of the time. The second requirement of the Executive exemption thus fails as a matter of law. The PSJ Group Plaintiffs are accordingly entitled to judgment for overtime compensation, interest and statutory damages.

## II.     STANDARD FOR GRANTING PARTIAL SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56, subdivisions (a) and (c), provide that a claimant is entitled to partial summary judgment on the issue of liability where there is "no genuine issue as to any material fact and [the claimant] is entitled to a judgment as a matter of law." To determine whether a genuine issue of material fact exists, the court does not weigh the evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 249, 106 S. Ct. 2505 (1986). The opposing party may not rest on the pleadings but must demonstrate through specific factual evidence that there is a genuine issue of material fact in order to defeat summary judgment. *Celotex Corp. v. Catrett* 477 U.S. 317, 324, 106 S. Ct. 2548 (1986). Unless a reasonable jury could find for the nonmoving party, summary judgment must be granted. *Anderson*, 477 U.S. at 249.

## III.    THE FAIR LABOR STANDARDS ACT

The Fair Labor Standards Act ("FLSA") provides that all employees must be compensated for any hours worked in excess of 40 per week at a rate of not less than one and one-half times their regular rate of pay. 29 U.S.C. § 207. The FLSA also creates limited exemptions to this general rule. 29 U.S.C. § 213. In this lawsuit, Plaintiffs bear the burden of proving only that the FLSA applies, that they worked for RadioShack more than 40 hours in a

week, and that they were not paid overtime compensation.

RadioShack does not dispute that the FLSA applies, nor that the class worked overtime and were not paid overtime wages. Instead, RadioShack has asserted the "Executive" exemption as an affirmative defense. It is RadioShack's burden to prove that its employees fall within an exemption under the FLSA. *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 614 (2d Cir. 1991). The Eleventh Circuit has made clear that this burden is substantial: **"The defendant must prove applicability of an exemption by "clear and affirmative evidence."** *Birdwell v. Gadsen, Alabama*, 970 F.2d 802, 805 (11th Cir. 1992) (citations omitted) (emphasis supplied); accord *Klinedinst v. Swift Investments, Inc.*, 260 F.3d 1251 (11th Cir. 2001). Moreover, "FLSA **exemptions are to be 'narrowly construed** against . . . employers' and **are to be withheld except as to persons 'plainly and unmistakably within their terms and spirit.'"** *Auer v. Robbins* 519 U.S. 452, 462, 117 S. Ct. 905 (1997) (citing *Arnold v. Ben Kanowsky Inc.*, 361 U.S. 388, 392, 80 S. Ct. 453 (1960)) (emphasis supplied). See also *Sack v. Miami Helicopter Service, Inc.*, 986 F. Supp. 1456, 1463 (S.D. Fla. 1997) (in addition to being "narrowly construed", FLSA exemptions "must be cautiously granted").

The Executive exemption asserted by RadioShack can be met either through a "long test" where the employees earn less than $250 per week, or a "short test" where the employees earn $250 or more per week. 29 C.F.R. § 541.1(f); [29 C.F.R. § 541.104].[1] The short test is applicable here, as all class members earned at least $250 per week. In order to be considered exempt from overtime as an executive under the short test: (1) the employee's primary duty must consist of "the management of the enterprise in which the employee is employed or of a

---

[1] The Department of Labor regulations were amended effective September 23, 2004, but the requirement of supervising two or more employees remains. Citations throughout will be to the pre-amended regulations with parallel citations to the regulations as amended in brackets.

3

customarily recognized department or subdivision thereof;" and (2) the employee's primary duty must include "the customary and regular direction of the work of two or more other employees therein." 29 C.F.R. § 541.1(f); [29 C.F.R. § 541.100]. This Motion addresses only those class members as to whom the second prong of the exemption is not satisfied.

### IV. THE PSJ GROUP IS ENTITLED TO JUDGMENT BECAUSE THEY DID NOT REGULARLY AND CUSTOMARILY SUPERVISE THE EQUIVALENT OF AT LEAST TWO FULL-TIME EMPLOYEES

The Executive exemption created in 29 U.S.C. § 213 is delineated in regulations promulgated by the Department of Labor. These regulations provide that to be exempt as an "Executive," the employee's management duties must include "the customary and regular direction of the work of two or more other employees therein." 29 C.F.R. 541.1(f); [29 C.F.R. 541.100(a)(3)]. This requirement has two distinct components: (1) The "customary and regular direction," of (2) "two or more other employees." Id. Each of these components is addressed below.

A. *Supervision of Two or More Employees.* The Department of Labor regulations elaborate on this element as follows:

> An employee will qualify as an "executive" under § 541.1 only if he customarily and regularly supervises at least two full-time employees or the equivalent. For example, if the "executive" supervises one full-time and two part-time employees of whom one works morning and one, afternoons; or four part-time employees, two of whom work mornings and two afternoons, this requirement would be met.

29 C.F.R. § 541.105(a); [*see also* 29 C.F.R. § 541.104]. This articulates the simple and generally-accepted "bright-line" test for determining whether an employee is supervising two or more other employees, known as the 80-hour rule. The Court in *Secretary of Labor v. Daylight Dairy Products, Inc.,* 779 F.2d 784 (1st Cir. 1985), held that if a manager supervises any combination of employees whose aggregate hours equal or exceed 80, the manager then

4

supervises the equivalent of two full-time employees within the meaning of the DOL regulation:

> In its Field Operations Handbook, the Department's Wage-Hour Division has established a bright-line rule: **The equivalent of two full-time employees working 40-hour weeks is any number of part-time employees, as long as the total number of hours supervised exceeds 80.** For example, four persons each working 25 hours per week satisfy the requirement, because the hours supervised total 100. A district court has accepted the 80-hour rule. See *Marshall v. Hudson Stations, Inc.*, 86 Lab. Cas. (CCH) P 33,813 (D. Kan. 1979). The employer argues that, because four part-time employees require more supervision than two full-time employees, managers who supervise four or more employees should be subject to exemption even if they supervise fewer than 80 person-hours. No doubt four employees need more coordinating than two. **We conclude nevertheless that the 80-hour rule is reasonable: it is easy to apply and allows employers to be confident that they are complying with the statute.** *Id.* (emphasis added).

Id. at 787 (emphasis supplied). Accord *Murray v. Stuckey's*, 50 F.3d 564, 568-569 (8th Cir. 1995). *Herman v. Harmelech*, 2000 WL 420839 *7 (N.D. Ill. 2000); *Krieg v. Pell's Inc.*, 2002 WL 449797 *7 (S.D. Ind. 2002); *Dole v. Papa Gino's of America, Inc.*, 712 F. Supp. 1038, 1041 (D. Mass. 1989).

In recently making major revisions to the Regulations, the Department of Labor rejected comments and requests for clarification of the term "full-time", again affirming the 80-hour "bright-line" rule: "The Department does not believe additional clarification is necessary, and stands by its current interpretation that an exempt supervisor generally must direct a total of 80 employee-hours of work each week."[2] 69 Fed. Reg. 22135 (April 23, 2004). The Department also rejected a request that the Department clarify "full-time" status to adopt or incorporate the employer's practices. *Id.*

Judge Pallmeyer of the U.S. District Court for the Northern District of Illinois recently considered the "customary and regular" requirement in a case identical to that before this Court. *Perez v. RadioShack Corp.*, 386 F. Supp. 979 (N.D. Ill. 2005). As here, *Perez* is a collective

---

[2] The Department of Labor also discussed a limited exception to this "bright-line" rule, known as the "banker's hours" exception, which is inapplicable here. See 69 Fed. Reg. 22135 and note 3, infra.

class action brought on behalf of present and former RadioShack "Y" Store Managers seeking unpaid overtime compensation and statutory damages under the FLSA. The Plaintiffs in *Perez* also brought a Motion for Partial Summary Judgment, demonstrating that with respect to a certain subset of opt-in Plaintiffs, the 80-hour "bright-line" test for the "Executive" exemption had not been met. The Court rejected RadioShack's arguments that the 80-hour "bright-line" test should not be used: "The court defers to the regulations and case law, all of which suggest that the FLSA imposes a bright-line 80 hours per week subordinate supervision requirement in order for the executive exemption to apply." "386 F. Supp. 2d at 989. In so holding, the Court flatly rejected RadioShack's arguments that (i) the number of hours equivalent to two or more full-time employees should be determined based on the employer's own definition of "full-time employee"; (ii) non-working scheduled hours such as lunch breaks should be included in the calculation of hours supervised; and (iii) the 80-hour rule is not an inflexible, mathematical formula, and may take into account the "totality" of the person's employment. The Court further found that there were no "unusual circumstances" concerning a RadioShack "Y" Store Manager's employment which would warrant a deviation from the 80-hour "bright-line" test.[3]

B.  *Supervision Must Be "Customary and Regular."* The phrase "customary and

---

[3] In *Perez*, the Court discussed the two "unusual circumstances" recognized by the courts as warranting an exception to the 80-hour rule: (1) The "banker's hours" exception, which applies to industries that traditionally have a standard work week less than 40 hours; and (2) workforce downsizing due to the employer's financial difficulties. 386 F. Supp. 2d at 991 (citing *Daylight Dairy Products*, 779 F.2d at 787 n. 2 and 69 Fed. Reg. 22135 (the "banker's hours" exception); and *Murray*, 50 F.3d at 569 (the workforce downsizing exception)). In this case, RadioShack stores are open much more than 40 hours per week and employees are routinely scheduled to work eight-hour shifts and longer. (*See* Store Operating Manual (2001) § IV(G), attached to Plaintiffs' Statement of Undisputed Facts as Exhibit 3; *see also* District Sales Manager Training Manual (2003) § G, attached to Plaintiffs' Statement of Undisputed Facts as Exhibit 4.) RadioShack also has not had significant downsizing or financial difficulties. In *Perez* the Court expressly rejected an expansion of the "unusual circumstances" exemption, as sought by RadioShack, for high levels of employee turnover or seasonal downturns in revenues, noting that otherwise the exceptions would swallow the rule. Id. at 991.

regular" is discussed in 29 C.F.R. § 541.107(b), which uses the same phrase with respect to an employee's exercise of discretionary powers:

> The phrase "customarily and regularly" signifies a frequency which must be greater than occasional but which, of course, may be less than constant. The requirement will be met by the employee who normally and recurrently is called upon to exercise and does exercise discretionary powers in the day-to-day performance of his duties. The requirement is not met by the occasional exercise of discretionary powers.

29 C.F.R. 541.107(b); *see also* 29 C.F.R. 541.701]. In *Perez*, Judge Pallmeyer analyzed at length the case law on the "customary and regular" prong of the supervisory test. 386 F. Supp 2d at 989-990. This case law includes *Daylight Diary Products*, where the Court held that failing to meet the 80-hour threshold more than 76% of the time failed to qualify. 779 F. 2d at 787-88; *accord Jackson v. Go-Tane Services, Inc.* 56 Fed. Appx. 267, 272 n. 8 (7th Cir. 2003). In *Murray*, on the other hand, the Eighth Circuit held that satisfaction of the 80-hour threshold 98.2% of the time qualified as customary and regular "by any definition." 50 F.3d at 568. Given these authorities, Judge Pallmeyer reasoned that an 80% threshold created the proper balance:

> In light of the case law, the court believes that an 80 percent standard is appropriate. This standard comports with the regulatory direction that "customary and regular" signifies a frequency greater than occasional but less than constant. Moreover, this standard recognizes that many retail employers, including, presumably, RadioShack, have high turnover rates among low level employees. An 80 percent standard should not render a management employee's exempt status vulnerable to employee turnover, or other employment variables. At the same time, the court must balance this need for employer flexibility against the Supreme Court's mandate that "FLSA exemptions are to be 'narrowly construed against . . . employers' and are to be withheld except as to person 'plainly and unmistakably within their terms and spirit.'" An 80 percent standard is high enough to ensure that exempt employees are actually regularly engaged in the supervision of such employees. The court sees no reason why the vagaries discussed above would occur more than 20 percent of the time; if they do, an employer will be hard pressed to argue that the management employee customarily and regular[ly] supervises two or more full-time subordinates.

386 F. Supp. 2d at 990 (citations omitted).

Judge Palllmeyer's reasoning is sound and unassailable. It substantially furthers the

interests of certainty and predictability in application of the rule, effectively establishing an "80-80" bright-line test, in which the "customary and regular" prong of the Executive exemption is only satisfied where the employee supervises 80 hours or more subordinate hours per week 80% of the time. The opt-in Plaintiffs for whom this prong is not satisfied are thus entitled to summary judgment on their claims for entitlement to overtime compensation.

## V. CONCLUSION

For all the foregoing reasons, the PSJ Group of Plaintiffs is entitled to judgment in their favor because they spent less than 80% of their time as manager in a RadioShack "Y" Store supervising at least 80 employee hours. As many as 177 class members fall into this category. As to damages, the statute of limitations under the FLSA must be considered to determine the damages period. The FLSA provides a two-year statute of limitations, except where the violation is willful, in which case the limitations period is three years. 29 U.S.C. §255. In this case, the PSJ Group is entitled to an award of damages on partial summary judgment covering the two-year limitations period applicable to each of these opt-ins, plus pre-judgment interest.[4] This leaves for trial or subsequent disposition the following damages issues for the PSJ Group: (1) entitlement to statutory liquidated damages; (2) entitlement to the third year of damages based on RadioShack's willful violation of the FLSA; and (3) the amount of Plaintiffs' attorneys' fees and costs. (29 U.S.C. § 216(b)).

Accordingly, this Motion requests partial summary judgment of liability in favor of each of the PSJ Plaintiffs, consisting of unpaid overtime compensation in the statutory two-year period, plus pre-judgment interest, and the provision of such additional information or data as

---

[4] In *Perez*, the Court denied summary judgment for the third year of the limitations period, finding that there exists "substantial disputes" concerning the willfulness of RadioShack's FLSA violations. 386 F. Supp. 2d at 992. Plaintiffs defer to Judge Pallmeyer's Opinion on this issue, and do not request partial summary judgment for the third year in the instant Motion.

may be necessary or appropriate to prepare a judgment accordingly for each of the PSJ Plaintiffs, and such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        HERMAN & MERMELSTEIN P.A.
        18205 Biscayne Blvd.
        Suite 2218
        Miami, Florida 33160
        www.hermanlaw.com
        Tel: 305-931-2200
        Fax: 305-931-0877

        By: _____
        Jeffrey M. Herman
        jherman@hermanlaw.com
        Florida Bar No. 521647
        Stuart S. Mermelstein
        smermelstein@hermanlaw.com
        Florida Bar No. 947245
        Adam D. Horowitz
        ahorowitz@hermanlaw.com
        Florida Bar No. 376980

        -and-

| | |
|---|---|
| Daniel K. Touhy, Esq. | Robert Thomson, Esq. |
| James B. Zouras, Esq. | Lee Sherman, Esq. |
| Ryan F. Stephan, Esq. | Co-counsel for Plaintiffs |
| Co-counsel for Plaintiffs | CALLAHAN, MCCUNE & WILLIS |
| TOUHY & TOUHY, LTD. | 11 One Fashion Lane |
| 161 North Clark Street, Suite 2210 | Tustin, CA 92780 |
| Chicago, IL 60601 | Tel: 714-730-5700 |
| Tel: 312-372-2209 | Fax: 714-730-1642 |
| Fax: 312-456-3838 | |

CASE NO.: 04-20991-CIV-HOEVELER/KLEIN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on May _10_, 2006 as follows:

Mark E. Zelek, Esq. (*via hand delivery*)
Morgan, Lewis & Bockius, LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131

Robert S. Brewer, Jr., Esq. *(via regular mail)*
McKenna Long & Aldridge
Suite 3300
Symphony Towers
750 B Street
San Diego, CA 92101

L:\RadioShack\Pleadings\M-PSJ and Mem of Law.doc